IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| YALANDA WILLIAMS, Individually and on Behalf of All Others Similarly Situated, | § § § § | CIVIL ACTION NO. _____ |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION |
| CLAIMS QUESTIONS, LLC, CITIZENS PROPERTY INSURANCE CORPORATION, and REBECCA KEIVER, | § § § § § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT
UNDER THE FAIR LABOR STANDARDS ACT**

**NATURE OF THE ACTION**

1.  Plaintiff YALANDA WILLIAMS ("Plaintiff Williams" or "Plaintiff") on behalf of herself and on behalf of all those similarly situated, files this Complaint against Defendants, CLAIMS QUESTIONS, LLC ("Claims Questions"), REBECCA KEIVER ("Keiver"), and CITIZENS PROPERTY INSURANCE CORPORATION ("Citizens") (collectively, "Defendants").

2.  Plaintiff Williams brings this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act") on behalf of herself and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)), an additional equal amount as liquidated damages (29

U.S.C. § 216(c)), attorneys' fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest.

3. Defendants have violated the FLSA within the past three years by not paying their litigation specialists and/or adjusters (including Plaintiff Williams and others similarly situated) for the overtime hours they worked.

4. Plaintiff Williams, as the putative collective/class representative, seeks certification of this suit as a collective action on behalf of all current and former insurance "litigation specialists" or "adjusters" or others who have performed duties similar to the duties performed by the Plaintiff for Defendants and paid a day rate without overtime compensation within the past three years (collectively referred to as the "Similarly Situated Employees").

## THE PARTIES

5. **Plaintiff Yalanda Williams** resides in Houston, Texas. Williams was hired by Defendants in or about April 2018 in Jacksonville, Florida to perform insurance adjusting services for Defendants.

6. **Defendant Claims Questions, LLC ("Claims Questions")** is Florida Limited Liability Company with its principal place of business in Tampa, Florida. Claims Questions may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Rebecca L. Keiver, at 13065 W. Linebaugh Ave., Tampa, FL 33626, or wherever else she may be found.

7. **Defendant Rebecca Keiver ("Keiver")** is an individual and the principal owner of Claims Questions. Keiver is a citizen of the state of Florida and may be served with process by delivering a copy of the Summons and Complaint to her at 13065 W. Linebaugh Ave., Tampa, FL 33626, or wherever else she may be found.

8. **Defendant Citizens Property Insurance Corporation ("Citizens")** is a Florida Corporation with its principal place of business in Tallahassee, Florida. Citizens may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, the Office of the Chief Financial Officer, at 200 E. Gaines St., Tallahassee, FL 32399-0300, or wherever else she may be found.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (the FLSA).

10. Defendants' failure to pay Plaintiff overtime wages occurred in Jacksonville, Florida. Therefore, this action is within the jurisdiction of the United States District Court for the Middle District of Florida and venue is proper in the Middle District of Florida, Jacksonville Division.

11. Defendants were Plaintiff Williams' (and other Similarly Situated Employees) employers within the meaning of the FLSA.

## ENTERPRISE AND INDIVIDUAL FLSA COVERAGE

12. At all relevant times, Defendants employed at least two employees engaged in interstate commerce or in the production of goods or services for interstate

commerce, or employees handling, receiving, selling or otherwise working on goods or material that have been moved in or produced for interstate commerce; and have an annual gross volume of sales made or business done of not less than $500,000. Defendants, therefore, constitute an enterprise engaged in interstate commerce or in the production of goods or services for interstate commerce within the meaning of the FLSA (29 U.S.C. §203(r) & (s)).

13. In addition, in connection with her employment with Defendants, Plaintiff Williams, and all others similarly situated, engaged in interstate commerce within the meaning of the FLSA (29 U.S.C. §§ 206(a) & 207(a)(1)).

## **JOINT EMPLOYER FACTS**

14. At all relevant times, Plaintiff Williams, and all others similarly situated, were jointly employed by Defendants within the meaning of the FLSA and were misclassified as independent contractors.

15. The FLSA broadly defines the term "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

16. Plaintiff Williams (and other Similarly Situated Employees) was hired by Defendants to perform adjusting services out of Claims Questions' physical office located in Jacksonville, Florida under the supervision of Citizens' supervisors who were also present in the Claims Questions' office.

17. Plaintiff Williams (and other Similarly Situated Employees) submitted to a background check at the request of Claims Questions. This background check is a

4

requirement for Citizens' vendors, and Citizens reimburses Claims Questions for the purchase of the background check if the subject of the background check becomes or remains credentialed and approved by Citizens.

18. Citizens made the final hiring decision for Plaintiff Williams (and other Similarly Situated Employees).

19. Throughout the relevant time period, Plaintiff Williams (and other Similarly Situated Employees) performed work on behalf of Defendants and was paid a day rate by Claims Questions.

20. At all relevant times, Defendants determined the nature and amount of Plaintiff Williams' (and other Similarly Situated Employees) pay.

21. Citizens determined the amount of the daily rate paid to the litigation specialists and had the authority to adjust the amount either up or down due to market conditions. Claims Questions, in turn, determined the amount of the day rate paid to the individual litigation specialists, including Plaintiff Williams (and other Similarly Situated Employees).

22. Claims Questions and Citizens exist for the common business purpose of providing insurance coverage to their policyholders while also processing, evaluating, litigating, and paying out claims to their policyholders.

23. Supervisors from both Claims Questions and Citizens reviewed and oversaw the work performed by Plaintiff Williams (and other Similarly Situated Employees) and gave her daily instruction regarding her work.

24. Plaintiff Williams (and other Similarly Situated Employees) was required to seek approval from Citizens on matters of importance with respect to adjusting services on pending cases.

25. Claims Questions and Citizens would critique and criticize Plaintiff Williams' (and other Similarly Situated Employees) work if it did not meet the required policies and procedures.

26. Claims Questions provided Plaintiff Williams (and other Similarly Situated Employees) with the tools and equipment needed to perform her work (i.e., computers, telephones, etc.).

27. Plaintiff Williams (and other Similarly Situated Employees) could not employ her own workers to perform her work.

28. On information and belief, Claims Questions is directly and largely dependent on its independent adjustment services contracts with Citizens.

29. On information and belief, Claims Questions was solely dependent on payments made by Citizens to make regularly scheduled payroll to Plaintiff Williams (and other Similarly Situated Employees).

30. Without Plaintiff Williams (and other Similarly Situated Employees) performing her job duties, Claims Questions would not get paid by Citizens.

31. Without Plaintiff Williams (and other Similarly Situated Employees) performing her job duties, Citizens would not administer the claims it handled for its policy holders.

32. Plaintiff Williams' (and other Similarly Situated Employees) work was integral to both Claims Questions and Citizens.

33. Citizens provided Plaintiff Williams (and other Similarly Situated Employees) Best Claims Practices and Estimating Guidelines which she (and other Similarly Situated Employees) was required to follow in handling Citizens' claims. These Guidelines included instructions on how the litigation specialists were to handle each aspect of the claims process. It provided Citizens' Claims Staff, Independent Adjusters and Adjusting Firms with an overview of the general principles and guidelines for receiving, investigating, evaluating, documenting, and communicating Citizens' property claims.

34. Throughout the relevant time period, Plaintiff Williams (and other Similarly Situated Employees) was required to complete a timesheet called a Weekly Service Invoice ("WSI") that was to be approved and signed by a Citizens' manager. It was then submitted to Claims Questions for further processing.

35. Claims Questions was required to uphold certain requirements put forth by Citizens, including staff appearance, providing an adequate and sufficient office space (that included at least three work spaces for Citizens personnel), proper training, qualifications and credentials for Claims Questions' staff.

36. Citizens controlled the hiring and firing of Plaintiff Williams (and other Similarly Situated Employees). For example, in or around May 2021 when Plaintiff was out on leave under the Family and Medical Leave Act, a Citizens manager,

Timothy Starnes, called Williams to inform her she no longer had a position due to a decision made by upper management at Citizens.

37. At all relevant times to this action, Claims Questions and Citizens also directly or indirectly controlled other aspects of the day to day employment of Plaintiff Williams (and other Similarly Situated Employees), including but not limited to: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; (vii) human resources; (viii) hiring and firing; (ix) working conditions; and (x) manner and method of such litigation specialists and/or adjusters performance of their duties.

38. Based on the foregoing, Citizens is an employer as defined under the FLSA, and jointly employed Plaintiff Williams (and other Similarly Situated Employees).

39. Based on the foregoing, Claims Questions is an employer as defined under the FLSA and jointly employed Plaintiff Williams (and other Similarly Situated Employees).

40. On information and belief, Defendant Keiver is the sole owner of Claims Questions and was either responsible for the decision not to pay Plaintiffs overtime or a critical part of the decision-making process. Therefore, Keiver also constitutes a joint employer under the FLSA.

## BACKGROUND AND STATEMENT OF CLAIMS

### A.  Defendants Provide Insurance Adjusting Services Performed By Plaintiffs.

41. Defendant Claims Questions is an independent insurance adjusting company owned by Defendant Keiver which has provided services to governmental and private market insurance carriers since 2000. *See* http://claimsquestions.com/get-to-know-us (last visited June 3, 2021). The company's focus is providing experienced insurance adjusting and legal professionals to support insurance carriers on complex residential and commercial property and liability insurance claims for dispute resolution. *Id.*

42. Defendant Citizens was created by the Florida Legislature in August 2002 as a not-for-profit, tax-exempt, government entity to provide property insurance to eligible Florida property owners unable to find insurance coverage in the private market. *See* https://www.citizensfla.com/who-we-are (last visited June 3, 2021). Citizens operates according to statutory requirements established by the Florida Legislature and is governed by a Board of Governors. *Id.* The board administers a Plan of Operation approved by the Florida Financial Services Commission, an oversight panel made up of the Governor, Chief Financial Officer, Attorney General and Commissioner of Agriculture. *Id.*

43. Plaintiff Williams was employed by Defendants to perform insurance adjusting work in Jacksonville, Florida from approximately April 2018 to April 2020.

Beginning in April 2020, and continuing until June 23, 2021, Plaintiff Williams performed her work remotely from Houston, Texas.

44. The work of Plaintiff Williams (and of the other Similarly Situated Employees) was supervised and directed by Defendants.

45. Plaintiff Williams and the other Similarly Situated Employees performed similar duties and had similar responsibilities. Plaintiff and the other Similarly Situated Employees were subject to the same policies and work rules implemented by Defendants.

**B.    Defendants Pay Adjusters A Day Rate With No Overtime.**

46. Within the past three years until approximately January 2020 (the "Relevant Time Period"), Plaintiff (and the other Similarly Situated Employees) was paid a non-guaranteed day rate wage, with no additional compensation for overtime on hours in excess of forty (40) hours in a workweek.

47. Williams (and other Similarly Situated Employees) typically worked five (5) to six (6) days per week throughout the relevant time period of her employment with Defendants, regularly working at least five (5) to ten (10) hours of overtime per week.

48. Throughout the relevant time period, Plaintiff Williams (and other Similarly Situated Employees) was paid a non-guaranteed flat day rate for work performed.

49. Throughout the relevant time period, Plaintiff Williams (and other Similarly Situated Employees) was not compensated for the overtime hours she worked.

50. Plaintiff Williams (and other Similarly Situated Employees) was required to work specific and set hours, which regularly exceeded forty (40) hours per workweek.

51. Plaintiff Williams' day rate (and that of other Similarly Situated Employees) was docked in half-day increments if she missed a partial day of work.

52. Throughout the relevant time period, Defendants did not keep records of the hours Plaintiff (and other Similarly Situated Employees) worked.

    **C.**    <u>**No Guaranteed Amount Of Pay For Adjusters**</u>.

53. Defendants made no guaranteed minimum pay per week, such that Plaintiff (and other Similarly Situated Employees) was paid only when she worked, and with no minimum workweek being guaranteed.

54. Defendants made deductions to the daily rate of pay for partial-day absences of Plaintiff (and other Similarly Situated Employees).

55. Plaintiff (and other Similarly Situated Employees) was not guaranteed any specific number of paid hours in any workweek and she was not paid on a salary basis.

56. Throughout the relevant time period, Defendants paid Plaintiff (and other Similarly Situated Employees) on a non-guaranteed (and invalid) daily rate of

pay, and overtime would be due at a rate of one and one-half the regular rate of pay for any overtime hours worked in excess of forty (40) hours in a workweek.

57. Throughout the relevant time period, notwithstanding the fact that Plaintiff (and other Similarly Situated Employees) was paid under an invalid day rate system that did not meet the salary basis standard, Defendants never paid Plaintiff (or any of the other Similarly Situated Employees) any overtime premiums.

### D. Class Of Adjusters Illegally Paid.

58. Defendants violated the FLSA by willfully failing to pay overtime to their litigation specialists and/or insurance adjusters who were paid under an invalid, non-guaranteed day rate system within the past three years.

59. Additionally, Plaintiff Williams (and other Similarly Situated Employees) performed non-exempt work duties.

60. Upon information and belief, Defendant Keiver was either responsible for the decision to pay Plaintiffs a non-guaranteed day rate or a critical part of the decision-making process.

61. Because Defendants paid Plaintiff Williams (and other Similarly Situated Employees) under an invalid non-guaranteed day rate system that was subject to deductions for partial-day absences, without any additional compensation for overtime worked, overtime would be due at a rate of one and one-half the regular rate of pay for any overtime hours worked in excess of forty (40) hours in a workweek (rather than the half-time overtime rate applicable to properly administered day rate compensation plans).

Case 3:21-cv-00630-TJC-JBT   Document 1   Filed 06/24/21   Page 13 of 18 PageID 13

62. Throughout the relevant time period, notwithstanding the fact that Plaintiff Williams (and other Similarly Situated Employees) was entitled to this overtime pay, Defendants failed to pay Plaintiff (and the other Similarly Situated Employees) overtime pay.

63. Defendants knew they were required by the FLSA to pay an additional one and one-half premium rate for the overtime work of Plaintiff and the other Similarly Situated Employees.

64. In fact, it was widely known that as early as 2012 other vendors providing insurance adjusters/insurance adjusting services to insurance carriers throughout the country were being sued for the failure to pay overtime to adjusters, trainers and/or managers who were being paid an invalid day rate.

65. In July 2016 and May 2018, fellow Citizens vendor, CIS Services, LLC, was sued in the Middle District of Florida, Jacksonville Division for similar conduct. In December 2018, another Citizens vendor, Pacesetter Claims Services, Inc., was sued in the Middle District of Florida, Jacksonville Division for the same conduct. And in March 2019, Claims Questions and Citizens were sued by multiple adjusters for the same conduct alleged here. (A Notice of Related Case is being filed contemporaneously with this Complaint.)

66. Despite this industry-wide knowledge, Defendants did nothing to change their illegal compensation scheme until approximately January 2020, when they re-classified Plaintiff Williams (and other Similarly Situated Employees) as non-exempt,

13

hourly employees and began paying overtime for any hour over forty (40) performed in a workweek.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

67. There is a collective/class of other litigation specialists and/or insurance adjusters who have performed work similar to Plaintiff and were subject to the same illegal pay practices.

68. Throughout the relevant time period, Plaintiff and the other Similarly Situated Employees were not guaranteed any specific number of paid days in any workweek and they were not paid on a salary basis.

69. Defendants paid Plaintiff and the other Similarly Situated Employees under an invalid, non-guaranteed day rate system that was subject to deduction for partial day absences.

70. Plaintiff and the other Similarly Situated Employees consistently worked more than forty (40) hours in most workweeks within the past three years.

71. Throughout the relevant time period, Plaintiff and the other Similarly Situated Employees were not paid for overtime at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in their workweeks.

72. Plaintiff and the other Similarly Situated Employees are entitled to payment of overtime at the rate of an additional one and one-half times their regular rate of pay for the time period within three years before the filing of this action to approximately January 2020 when Defendants changed their illegal compensation scheme.

73. Plaintiff and the other Similarly Situated Employees on whose behalf this lawsuit is brought include all present and former litigation specialists and/or insurance adjusters who were paid by Defendants under an invalid, non-guaranteed day rate system, without any compensation for overtime worked. These individuals have been subject to the same policies and practices as Plaintiff regarding non-payment of overtime wages at an additional one and one-half times their regular rate of pay.

74. Defendants have violated 29 U.S.C. §207 of the FLSA by failing to pay Plaintiff and the other Similarly Situated Employees overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

75. Defendants' violations have been willful.

76. There are questions of law and fact common to the class/collective.

77. The claims or defenses of the representative, Plaintiff Williams, are typical of the claims or defenses of the class/collective.

78. The representative, Plaintiff Williams, will fairly and adequately protect the interests of the collective/class.

79. Prosecuting this case as a class/collective action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class/collective members.

80. There are no conflicts of interest among the class/collective members.

81. Plaintiff's written Consent to this action is attached as **Exhibit A** and incorporated by this reference.

## CAUSE OF ACTION:
## UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT
## (FLSA)
## (INDIVIDUAL AND CLASS/COLLECTIVE ACTION)

82. Plaintiff and the other Similarly Situated Employees were not paid on a salary basis.

83. Plaintiff and the other Similarly Situated Employees did not perform overtime exempt duties as their principal work.

84. Plaintiff and the other Similarly Situated Employees are entitled to overtime at a rate of an additional one and one-half times their regular rate of pay for all hours worked throughout the relevant time period in excess of forty (40) hours per workweek.

85. Plaintiff and the other Similarly Situated Employees worked in excess of forty (40) hours in most workweeks within the past three years.

86. Defendants failed to pay overtime to Plaintiff and the other Similarly Situated Employees for hours worked in excess of forty (40) hours in the workweeks within three years before the filing of this action to approximately January 2020 when Defendants changed their illegal compensation scheme.

87. Plaintiff and the other Similarly Situated Employees are further entitled to recover an additional equal amount as liquidated damages (29 U.S.C. § 216(c)) and attorneys' fees and costs (29 U.S.C. § 216).

88. Defendants' failure to pay overtime was willful, thus entitling Plaintiff and the other Similarly Situated Employees to a three-year statute of limitations.

## **PRAYER**

**WHEREFORE**, Plaintiff, through her undersigned counsel, demands a trial by jury and respectfully requests that this Court:

A. Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former litigation specialists and insurance adjusters, and that Notice therefore be distributed to all putative class/collective members;

B. Order Defendants to make Plaintiff and the other Similarly Situated Employees whole by paying the overtime wages due;

C. Order Defendants to pay interest and liquidated damages on all wages owed;

D. Order Defendants to make proper payments of all Federal withholdings and taxes to the Internal Revenue Service;

E. Order Defendants to pay costs and attorneys' fees incurred by Plaintiff and the others similarly situated; and

F. Grant such further relief as the Court deems necessary and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 23rd day of June 2021.

**RESPECTFULLY SUBMITTED,**

| | |
|---|---|
| */s/Cathleen Scott* | */s/ Michael A. Starzyk* |
| **Cathleen Scott** | **Michael A. Starzyk\*** |
| Florida Bar No. 135331 | Texas Bar No. 00788461 |
| cscott@scottwagnerlaw.com | mstarzyk@starzyklaw.com |
| **Scott Wagner & Associates, P.A.** | **STARZYK & ASSOCIATES, P.C.** |
| Jupiter Gardens | 8665 New Trails, Suite 160 |
| 250 South Central Blvd, Ste 104-A | The Woodlands, Texas 77381 |
| Jupiter, FL 33458 | T: [281] 364-7261 |
| (561) 653-0008 Telephone | F: 1 [281] 715-5764 |
| (561) 653-0020 Facsimile | **\* Application for Admission Pro Hac Vice Submitted** |

**ATTORNEYS FOR PLAINTIFF YALANDA WILLIAMS,**
Individually and on Behalf of All Others Similarly Situated