UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YALANDA WILLIAMS, et al.,

    Plaintiffs,

v.                                                             CASE NO. 3:21-cv-630-TJC-JBT

CLAIMS QUESTIONS, LLC, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Compel Plaintiffs to Produce Their Income Tax Returns ("Motion") (Doc. 93) and Plaintiffs' Response thereto ("Response") (Doc. 94). For the reasons stated herein, the Motion is due to be **DENIED**.

The Federal Rules of Civil Procedure delineate the general scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

In moving to compel Plaintiffs to produce their income tax returns in this Fair

Labor Standards Act ("FLSA") action, Defendants argue that the returns are relevant to "whether Defendants properly classified Plaintiffs as independent contractors . . . . " (Doc. 93 at 9.) Specifically, Defendants argue:

> Defendants are entitled to discover Plaintiffs' job and earnings history, including their relevant work history while engaged by Defendants, as well as how they have held themselves out to the public and for tax purposes (as independent contractors or employees) while engaged by other entities immediately before and after the engagement that is the subject of this litigation.

(*Id.* at 8) (emphasis omitted).

In response, Plaintiffs argue in summary:

> Plaintiffs filed their tax returns in a manner comporting with how Defendants had classified them. Any tax returns during the periods of their claims indicating the Plaintiffs filed as independent contractors will only confirm Plaintiffs recognized how Defendants classified them. It's essentially a self-fulfilling prophecy. And any tax returns prior or after the periods of the Plaintiffs' claims are wholly irrelevant to whether Plaintiffs were properly classified and paid by Defendants.

(Doc. 94 at 6.)

In short, the Court agrees with Plaintiffs' argument. The Court finds that the production of Plaintiffs' tax returns is not proportional to the needs of the case. Defendants do not show what information they are likely to find in the tax returns that goes beyond simply confirming that Plaintiffs were treated as independent contractors by Defendants. To the extent the tax returns might directly pertain to

2

any of the six factors recognized by the Eleventh Circuit as relevant to employee versus independent contractor status, such as "the alleged employee's investment in equipment or materials," that information can be obtained through less intrusive discovery, such as interrogatories or depositions.[1]  *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1312 (11th Cir. 2013).  Thus, the discovery sought is not proportional to the needs of the case.[2]

The Eleventh Circuit case cited by Defendants, *Maddow v. Procter & Gamble Co.*, 107 F.3d 846 (11th Cir. 1997), is readily distinguishable because it is not an FLSA case, it's an Age Discrimination in Employment Act case.  The other case Defendants cite, *Walker v. Americare Radiographics, Inc.*, No. 10-60340-CIV, 2010 WL 4064022 (S.D. Fla. Oct. 15, 2010), is also distinguishable because it was decided before the 2015 amendments to Rule 26, which significantly altered Rule 26(b)(1), and which in part omitted the language "appears 'reasonably calculated to lead to the discovery of admissible evidence'" and restored "proportionality as an express component of the scope of discovery."[3]  *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 Amendment.

---

[1] The Court notes that Defendants have already questioned some of Plaintiffs on this topic in deposition.  (*See* Docs. 94-1 at 8–11, 13–14, 16–18, 25, 27, 29–30; 94-2 at 8–12, 16–18; 94-3 at 8–15.)

[2] This is even more obvious regarding tax returns outside the periods of Plaintiffs' relationship with Defendants.

[3] Defendants erroneously use the old "reasonably calculated" standard in the Motion.  (Doc. 93 at 9.)

3

Accordingly, it is **ORDERED**:

The Motion (**Doc. 93**) is **DENIED**.[4]

**DONE AND ORDERED** in Jacksonville, Florida, on March 13, 2023.

*[signature: Joel B. Toomey]*

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

---

[4] Pursuant to Rule 37, the Court will not award attorneys' fees to Plaintiffs because Defendants' position was substantially justified.  Fed. R. Civ. P. 37(a)(5)(B).